## JOHN R. MERCER v. JAMES WIGGINS, Adm'r.

Evidence, that the witness, from two notes he held in his hand, which were written and tested by himself, had an indistinct recollection that at the time the notes were given, he, the witness, wrote a deed, alleged to be lost, from the defendant's intestate to the plaintiff for a tract of land, and the notes were the consideration therefor; that the deed contained the usual clause of warranty or covenant of quiet enjoyment, the witness being of opinion that if any special instructions had been given, or if the deed had varied from an ordinary deed, or had there arisen any question as to the title, he would have recollected it; that said intestate was a prudent man in his business transactions, and would not have executed a paper that he did not understand; that from a conversation with the plaintiff, he saw said intestate several years after the execution of the deed, and asked him if he had any idea what had become of the same, and the witness thinks the intestate said he knew nothing about it after the execution and delivery, is competent to be considered by a referee, as tending to prove the existence of a deed from the defendant's intestate to the plaintiff, and also its covenants and its loss.

A payment in Confederate money, tendered and accepted by the parties as a payment, amounts to a discharge of the debt.

This was a CIVIL ACTION to recover damages for a breach of warranty contained in a deed, tried before *Moore, J.*, at August Term, 1875, of EDGECOMBE Superior Court.

The case was referred, by consent, at Fall Term, 1874, and at Spring Term, 1875, the report of the referee was filed, and the defendant filed the following exceptions thereto:

1. That the evidence as to the existence of a clause of warranty in the alleged lost deed, is too vague and indefinite to warrant the finding of such fact by the referee;

2. That if he is mistaken, he insists that the measure of damages ought to be the value of the payments made by plaintiff, of which, according to the evidence, $811.03 was on the 13th of July, 1862, and $500.00 on November 1st, 1862,

which should have been reduced according to the scale of depreciation of Confederate money as of those dates.

His Honor overruled the exceptions and sustained the report of the referee.

The following is the evidence upon which the finding of his Honor, and also of the referee, is based:

George Howard testified, substantially, as follows: "From the notes which I hold in my hand, being notes given by John R. Mercer to James G. Armstrong, dated June 7th, 1859, one for $1,000.00, and one for $500.00, the same being in my hand-writing and tested by me, I am certain that they were given at the time, and in the town of Wilson; and I have an indistinct recollection that at the time said notes were given, I wrote a deed from J. G. Armstrong to John R. Mercer for a tract of land for which they were the consideration. My only recollection of the tract of land is that it was somewhere in said Mercer's neighborhood, and the deed contained the usual clause of warranty, which has been construed to be a covenant of quiet enjoyment. I have no recollection of any special instructions in the case, and do not think any were given. I have no recollection of what became of the deed afterwards, executed by Dr. Armstrong. From a conversation of Dr. John R. Mercer, I saw J. G. Armstrong several years after the execution of the deed, and asked him if he had any idea what had become of it. I think he said he knew nothing about it after its execution and delivery. Dr. J. G. Armstrong was a quiet man, and I considered him prudent in his transactions, and he would not have executed a paper he did not understand. I think if any special instructions had been given me, or it had varied from an ordinary deed, or any question had been raised as to title, I would have recollected it.

It was admitted that the land was devised to J. G. Armstrong and others in fee simple, determinable on each dying without heirs, and that Armstrong and his co-devisees had partition in the land, and that the plaintiff bought the portion al-

4

lotted to Armstrong. It was also admitted that the notes, spoken of by George Howard, were given for the purchase of the land, and that the sum was a fair price for the same at the time, and that the tract contained one hundred and ninety-six acres. The land adjoined Dr. Mercer's land, and the deed was written by said Howard.

J. G. Armstrong died in February, 1873, without issue. The sum of $300 was paid on the $1,000 due February 28th, 1860, before the commencement of this suit. Suit was brought and judgment obtained upon the notes severally at August Term, 1861. An *alias* issued in each case returnable to November Term, 1862.

On the latter execution, the plaintiff paid in July, 1862, $811.03 in full satisfaction on the larger judgment, and on August 12th, 1862, he paid on the execution on the $500 debt, the amount with interest from the 1st day of January, 1860. These last two judgments were paid in Confederate money.

The defendants excepted to the finding of his Honor, to this effect :]

1. There was no evidence of any covenant of warranty in the deed alleged to have been lost.

2. The judgment paid by the plaintiff were subject to the legislative scale.

There was judgment for the plaintiff, whereupon the defendant appealed.

*Fred Phillips*, for the appellant.
*Perry*, contra.

SETTLE, J. By consent of parties, this case was referred to W. H. Johnston, to find and report the facts, and declare the law arising thereon. His report, both as to facts and law, was adopted and confirmed by his Honor, from which judgment the defendant appeals, alleging :

1. That the evidence as to the existence of a clause of war-

ranty or covenant of quiet enjoyment in the alleged lost deed is too vague and indefinite to warrant the finding of such fact by the referee.

2. That the measure of damages is the value of the Confederate money at the date of its payment by the plaintiff to the defendant's intestate. Neither of these exceptions can be sustained.

There was evidence, fit to be considered by the referee, tending to prove the existence of a deed from Armstrong to the plaintiff, and also its covenants, and its loss. Consequently the court will not undertake to review the findings of the referee on these points.

It is well established by the adjudications of this court, that a payment in Confederate money, tendered and accepted as a payment by parties, dealing at arms length, amounts to a discharge of the debt.

PER CURIAM. Judgment affirmed.